THE STATE, EX REL. SAMUEL SHULTISE, v. ARTHUR O'NEILL.

Submitted March 20, 1913—Decided November 6, 1913.

1. The seventeenth section of the charter of New Brunswick, which requires a person elected to any office at the annual charter election of that city to qualify according to law within twenty days after the Monday following the first day of May next succeeding such election, does not apply to those officers who are appointed by the common council of that city.

2. The act entitled "An act for the settlement and relief of the poor" (*Pamph. L.* 1911, *p.* 390) fairly expresses in its title the purpose to provide for the appointment or election of overseers of the poor in cities which come within the purview of the act.

3. The existence of an unconstitutional provision in a statute, which may readily be exscinded therefrom without substantially affecting the legislative purpose exhibited by the enactment of the statute, will not render the whole act void.

On *quo warranto*.  Demurrer to information.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and KALISCH.

For the relator, *Theodore Strong*.

For the defendant, *George S. Silzer*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.  The information sets out that Shultise, on the 8th day of January, 1912, was appointed by the common council of New Brunswick to the office of overseer of the poor, for a term of five years, commencing January 1st, 1912; that there was a vacancy in the office at that time; that he was a resident and elector of the said city, and was in all respects eligible and qualified to be appointed to the office; that he thereupon, and before he entered upon the execution of his office, did take and subscribe before the city clerk an oath or affirmation that he would bear true faith and allegiance to the government of the city as established by the city, and that he would faithfully and impartially perform the duties of overseer of the poor of the city of New Brunswick for the term of his appointment, according to the laws of the state, and the charter and ordinances of the city of New Brunswick, to the best of his skill and understanding; that this oath or affirmation was then filed with the city clerk, and that he thereupon entered upon the duties of his office, and occupied it until the 1st of January, 1913, when the defendant, against his protest, did take possession of the office and assume to discharge the duties thereof, and continues to usurp, intrude into, and unlawfully hold the same.

The first ground upon which the demurrer is rested is that the information fails to show that the relator has title

to the office. This claim is based upon section 17 of the charter of New Brunswick, which provides as follows: "That if any person who shall be elected to any office at the annual charter election shall not qualify according to law for the space of twenty days after the Monday after the 1st day of May next succeeding such election, or if any person who shall be elected or appointed to fill any vacancy in any of the said offices shall not qualify according to law for the space of twenty days after such election or appointment, his office shall be deemed vacant." The pith of the objection is that the information fails to disclose that the relator took his oath of office within the time specified in this charter provision. We think this ground of demurrer is without merit. The section appealed to only applies to those persons who hold offices which are to be filled primarily by the voters at the annual charter election, and not to offices which are to be otherwise filled. The language of the latter part of the provision, which provides for the filling of vacancies in "said offices," does not in any way enlarge its scope.

It is further contended by the demurrant that the act of 1911, which provides for the appointment of, and fixing the term of office, of overseers of the poor, is unconstitutional for the reason that this object is not expressed in the title. The title of the act is "An act for the settlement and relief of the poor" (*Pamph. L.* 1911, *p.* 390), and is a revision of all earlier statutes relating to that subject. The argument is that, because in earlier statutes having a similar title no provision is made for the appointment or election of an overseer of the poor in cities, it was improper in a revision to embrace such an object. We are unable to appreciate the logic of this contention. The purpose of the revision was to deal with the whole subject-matter expressed in the title. The general object of the act being made plain by the title, the legislature may include in the body of its provisions of a multiform character, designed to carry into execution the legislative purpose, which are not inconsistent with, or foreign to, the general object of the act. *Easton and Amboy Railroad Co.* v. *Central Railroad Co.,* 23 *Vroom* 267. It needs no

argument to show that a provision for the appointment of an overseer of the poor is not inconsistent with, or foreign to, the general purposes of this statutory enactment.

It is further alleged in support of the demurrer that the act of 1911 is unconstitutional, because of certain provisions in the eighth section thereof which are said to be special, rather than general; but why they are considered special, counsel for the demurrant does not make clear to us in his brief, nor are we able to perceive without his aid. But, assuming that he is right, these provisions would not justify a judicial declaration that the whole statute is unconstitutional, for they might readily be exscinded without substantially affecting the legislative purpose exhibited by the enactment of the statute. *Johnson* v. *State,* 30 *Vroom* 539.

The relator is entitled to judgment on the demurrer.